MoKiNNEY, J.,
delivered the opinion of the court.
The indictment in this case contains but one count, which charges the defendant with stealing: “ One bank bill on the Bank of Tennessee, of the denomination of ten dollars, and of the value of ten dollars; and one ten dollar bank note, of the value of ten dollars; one bank note on the Union Bank in Tennessee, of the denomination of ten dollars, and of the value of ten dollars; and one bank bill on the Planters’ Bank in Tennessee, of the denomination of ten dollars, and of the value of ten dollarsthe property of Samuel A. Moore. The defendant was found “ guilty in manner and form as charged in the indictment,” and prosecuted an appeal in error.
Various questions are raised in the briefs filed by the counsel for the plaintiff in error, upon which we are requested to express our opinion.
1. As respects the sufficiency of the description in the indictment, of the notes alleged to have been stolen; without entering into any discussion upon this point, we think it sufficient to say, that the description of the first, third and foui'th notes, charged to have been stolen, is subject to no exception, more especially after verdict. The degree of certainty and particularity, of description contended for, would in this class of cases, tend to defeat the administration of justice, and insure impunity to the guilty.
2. Is the evidence sufficient to support the verdict? We think it is. The note stolen is proved by the prose *416 cutor, to bave been a ten dollai' note of the Bank of Tennessee. The defendant upon being arrested, and brought before the justice to answer this charge,'when asked by the justice whether he was guilty or not guilty, freely admitted that “ he was guilty according to the charge in the warrant.” And on the trial in the circuit court, the defendant admitted in writing, over his own signature, that he “passed a ten dollar 'Tennessee bill to Eubanks of Hopkinsville, Ky., shortly after the time that this offence is charged to have been committed.” This evidence, in connection with the other facts established by the proof, well justified the jury in the conclusion, that the Tennessee Bank note passed to Eubanks, was the same note stolen from the prosecutor. True, the proof does not show by which of the several Banks of Tennessee, said note was issued, but the jury were warranted in the conviction of the defendant, if they were satisfied that it was a note of either of the Banks specified in the indictment; and this fact is to be determined by them upon all the evidence in the case.
3. It is said, and the position is correct, that it was necessary to establish that the bank note alleged to have been stolen, was genuine and of value. So the jury were instructed by the circuit judge, and upon this point there is sufficient proof to sustain the verdict. The defendant admitted to the prosecutor that he had passed the note to Eubanks “for goods,” to hire votes in the Kentucky election. By the defendant’s own admission, then, the note was ■ at least prima fade genuine, and of the value imported upon its face.
4. Whether the note was stolen or found by the defendant, was a fact properly submitted to the jury, to *417 determine from tbe proof, under correct instructions as to the law; and we think they were well justified in the conclusion that it was feloniously taken.
5. There is nothing in the- record before us, raising any question of practice in respect to the admission of confessions, and therefore we -express no opinion upon this point.
Judgment affirmed.